## Case No. 3,032.

### COLT v. YOUNG et al.

[2 Blatchf. 471.][1]

Circuit Court, S. D. New York. Nov. 18, 1852.

EXTENSION OF PATENT—CONCLUSIVENESS OF COMMISSIONER'S DECISION—FRAUD — ENJOINING INFRINGEMENT.

1. Where an application for the extension of a patent under section 18 of the act of July 4, 1836 (5 Stat. 124), was pending at the time of the passage of the act of May 27, 1848 (9 Stat. 231), which conferred upon the commissioner of patents alone the same authority to extend patents which had previously been confided to the board created by the act of 1836: *Held*, that it was not necessary to renew the application, but that the commissioner was authorized to go on with the proceedings, as having been properly instituted, and complete them by granting the extension.

2. Where the commissioner of patents has jurisdiction over an application for the extension of a patent, his decision is conclusive as to the regularity of the proceedings on the extension. The only exception to the conclusiveness of his decision is, perhaps, the case of fraud.

[Cited in Goodyear v. Providence Rubber Co., Case No. 5,583.]

3. The defendant was enjoined, before final hearing, from infringing two of the claims of a patent, although it was not held that another claim in the same patent, the novelty of which was disputed, was valid.

In equity. This was a motion [by Samuel Colt] for a provisional injunction, to restrain the defendants [Hiram Young and Edward Leavitt] from infringing the first, second, and third claims of letters patent granted to the plaintiff, February 25th, 1836, for an "improvement in fire-arms," as re-issued to him, on an amended specification, October 24th, 1848 [No. 124], and extended by the commissioner of patents on the 10th of March, 1849, for seven years from the 25th of February, 1850. There were five claims in the amended specification. The bill set out a recovery by the plaintiff in a suit at law on the patent, in the circuit court for the Massachusetts district, which was strongly defended, and in which the jury found specially the novelty of the plaintiff's patented combination, and the infringement of the first three claims of his patent. In opposition to the motion, the defendants set up want of novelty in the plaintiff's patent, illegality in its extension and non-infringement. The affidavits were principally directed to the point of showing a want of novelty in the first claim.

[The defendants herein had heretofore filed a cross bill, denying invention, setting up the illegal reissue and extension of the patent, and averring that the complainant had assigned his interest therein to the Massachusetts Arms Company. Complainant demurred to the cross bill, and the demurrer was sustained. Young v. Colt, Case No. 18,155.]

Edward N. Dickerson and Charles M. Keller, for plaintiff.

Seth P. Staples, Francis B. Cutting and Robert Emmet, for defendants.

Before NELSON, Circuit Justice, and BETTS, District Judge.

NELSON, Circuit Justice (after holding that the evidence produced on the part of the defendants in no manner affected the plaintiff's second and third claims, and that the defendants had infringed those claims). The next question in the case is as to the validity of the extension made by the commissioner on the 10th of March, 1849. By the 18th section of the patent act of July 4, 1836, (5 Stat. 124), the power to hear and determine applications for the extension of patents was conferred upon a board composed of the secretary of state, the commissioner of patents and the solicitor of the treasury. That act required public notice to be given of the application a certain number of days previous to the hearing. By the act of congress of May 27, 1848 (9 Stat. 231), it is enacted, that "the power to extend patents now vested in the board composed of the secretary of state, commissioner of patents and solicitor of the treasury," "shall hereafter be vested solely in the commissioner of patents;" and it is further provided, that the said commissioner shall exercise the powers "upon the same principles and rules that have governed said board."

The application for an extension of the patent before us was pending when the act of 1848 was passed, and the commissioner, after its passage, went on with the proceedings, as having been already properly instituted, and completed them by granting an extension. The argument against its validity is, that the proceedings fell with the modification of the board by the act of 1848; and, therefore, that it was necessary to begin them anew, observing the preliminary steps necessary in such cases. The obvious answer is, that this was not a repeal of the section providing for the extension of patents, and the enactment of a new system for the purpose; in which case, the principle of construction contended for would have been applicable (U. S. v. Boisdore's Heirs, 8 How. [49 U. S.] 113), but simply a repeal of so much of it as related to the action of the secretary of state and the solicitor of the treasury in the matter, leaving the commissioner alone to go on in the execution of the duty. This is the legal as well as the common-sense understanding of the change produced by the act of 1848. The amendment seems guardedly worded, for the purpose of avoiding the great inconvenience, if not injustice, that might result to applicants, if the construction contended for by the defendants should prevail, namely, the necessity of renewing the applications, with sixty days' public notice. It, therefore, simply devolves upon the commissioner, after its passage, the whole of the duty which was previously di-

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

vided with the secretary and the solicitor, and directs that he shall be governed by the same principles and rules that had governed the board composed of the three. This, as we understand, was the construction given to the act by the commissioner, and is the one upon which he has acted, and we think it is right and should be upheld.

The jurisdiction of the commissioner over the application being established, his decision must be regarded as conclusive as to any informalities or irregularities that may have happened in the course of the execution of the duty, and cannot be the subject of examination and review on this motion, the same as if the case was before us on writ of error or appeal. The act intended to make the decision of the commissioner conclusive, except, perhaps, in the case of fraud, which is an exception to the general rule.

We are satisfied, therefore, that the plaintiff is clearly entitled to an injunction against the defendants, enjoining them from using, in the manufacture of fire-arms, the arrangements embraced in the second and third claims of his patent. Under the circumstances of the case, and in view of the affidavits produced in opposition to the motion, we shall refrain from passing upon the question raised in regard to the first claim, until the case shall come up for hearing upon the pleadings and proofs, when we shall be more fully in possession of the facts bearing upon that question.

[NOTE. For another case involving this patent, see Colt v. Massachusetts Arms Co., Case No. 3,030.]

COLT (YOUNG v.). See Case No. 18,155.

COLTMAN (McCLOUD v.). See Case No. 8,-703.

COLTON (NATIONAL BANK v.). See Case No. 10,034.

COLUMBET (FIELD v.). See Case No. 4,-764.